**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 1 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| CELIA NAVA MUNOZ, | No. 22-429 |
| Petitioner, | Agency No. A213-079-311 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 26, 2026**

Before: S.R. THOMAS, MILLER, and H.A. THOMAS, Circuit Judges.

Celia Nava Munoz, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for cancellation of

removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

evidence whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review de novo questions of law and constitutional claims. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

Substantial evidence supports the agency's determination that Nava Munoz has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)).

Nava Munoz's claim that the agency violated due process by failing to consider all relevant hardship evidence fails because she has not shown error. *See Padilla-Martinez v. Holder*, 770 F.3d 825, 830 (9th Cir. 2014) ("To prevail on a due-process claim, a petitioner must demonstrate both a violation of rights and prejudice.").

Nava Munoz's contentions that in assessing hardship the IJ improperly placed weight on irrelevant facts and failed to consider the immigration status of her children's father are not properly before the court because she did not raise them before the BIA. *See* 8 U.S.C. § 1252(d)(1) (administrative remedies must be

exhausted); *see also Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024) (the exhaustion requirement is not jurisdictional, but must be enforced if properly raised by a party).

**PETITION FOR REVIEW DENIED.**